UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LEONDRE HARRIS,

    Plaintiff,

vs.

JEAN SMITH, et al.,

    Defendants.

Case No. 1:19-cv-383

Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a former inmate at the Warren Correctional Institution[1] in Lebanon, Ohio, brings this action under 42 U.S.C. § 1983. The District Court judge adopted this Court's Report and Recommendation (Doc. 5), severing and dismissing with prejudice plaintiff's claim against defendant Kehr and dismissing all remaining claims except for those against defendants Jean Smith and Nurse Bah. (Doc. 22). Remaining defendants moved for summary judgment on exhaustion grounds only. (Doc. 14). Plaintiff initially did not respond, and the Court issued a show cause order. (Doc. 18). Plaintiff filed a response to that order (Doc. 19), which the Court construed as a response to the motion for summary judgment. (Doc. 20). Defendant replied (Doc. 21), and the matter is ripe for decision.

    **I.**    **Facts**

Plaintiff alleges that on April 19, 2019, he slipped in the prison shower and injured his thumb. (Doc. 4 at PAGEID#: 460–61). Plaintiff states that he received an x-ray that day and was charged $3.00, but he did not receive any pain medication. (*Id.* at PAGEID#: 461). Plaintiff alleges that his thumb was twice the size of his other thumb and he was in excruciating pain. (*Id.*). According to plaintiff, he wrote a kite to the head of medical, defendant Jean Smith, but

---

[1] Plaintiff is now incarcerated at the Lebanon Correctional Institution as of May 29, 2019. (*See* Doc. 2).

she did not get back to him for a week and still refused to give him anything for his pain. (*Id.*). Plaintiff further alleges that defendant nurse Bah also refused to give him ibuprofen. (*Id.* at PAGEID#: 462). He states that he still experiences pain every day and has not been permitted to see a doctor to get his thumb fixed. (*Id.* at PAGEID#: 461).

## II. Summary judgment standard

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Little Caesar Enters., Inc. v. OPPCO, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

The trial judge's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249; *Little Caesar Enters., Inc.*, 219 F.3d at 551. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 270, 270 (1968)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the

2

record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). However, "[f]acts that are not blatantly contradicted by [the evidence] remain entitled to an interpretation most favorable to the non-moving party." *Coble v. City of White House, Tenn.*, 634 F.3d 865, 870 (6th Cir. 2011).

Because plaintiff is a pro se litigant, his filings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that the Court holds pleadings of pro se litigants to less stringent standards than formal pleadings drafted by lawyers)). *See also Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings."). However, a party's status as a pro se litigant does not alter his duty to support his factual assertions with admissible evidence. *Maston v. Montgomery Cty. Jail Med. Staff Pers.*, 832 F. Supp. 2d 846, 851–52 (S.D. Ohio 2011) (citing Fed. R. Civ. P. 56). When opposing a motion for summary judgment, a pro se party cannot rely on allegations or denials in unsworn filings. *Id.* (citing *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010)).

### III. Exhaustion standard

Exhaustion of administrative remedies "is mandatory under the [Prison Litigation Reform Act ("PLRA")] and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). "[A] prisoner confined in any jail, prison, or other correctional facility" is barred from filing a lawsuit alleging constitutional violations under 42 U.S.C. § 1983 "or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's

3

exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532.

"A prisoner's failure to exhaust his intra-prison administrative remedies prior to filing suit 'is an affirmative defense under the PLRA[.]'" *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) (quoting *Jones*, 549 U.S. at 216). "[T]he failure to exhaust 'must be established by the defendants.'" *Id.* (quoting *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011)). Thus, defendants bear the burden of proof on exhaustion. *Id.* Because defendants bear the burden of persuasion on exhaustion, their "initial summary judgement burden is 'higher in that [they] must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Id.* at 455–56 (quoting *Cockrel v. Shelby Cty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001) (in turn quoting 11 James William Moore et al., Moore's Federal Practice § 56.13[1], at 56-138 (3d ed. 2000)))

The PLRA exhaustion requirement means prisoners must carry out "proper exhaustion" of a grievance. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). To properly exhaust a claim, a prisoner must take advantage "of each step the prison holds out for resolving the claim internally" and follow the "'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford*, 548 U.S. at 90). "Proper exhaustion [further] demands compliance with an agency's deadlines. . . ." *Woodford*, 548 U.S. at 90. Proper exhaustion serves the necessary interest of providing "fair

4

notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009) (quoting *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006), *cert. denied*, 549 U.S. 1245 (2007)).

The procedure established for resolving inmate complaints in Ohio, codified in Ohio Admin. Code § 5120-9-31, involves a three-step process. First, the inmate is required to file an informal complaint with the direct supervisor of the staff member within 14 days of the event giving rise to the complaint. Ohio Admin. Code § 5120-9-31(J)(1). Second, if the inmate is unsatisfied with the response to his informal complaint, he may file a formal grievance with the inspector of institutional services at his institution of confinement. Ohio Admin. Code § 5120-9-31(J)(2). The inspector of institutional services is required to provide a written response to the inmate's grievance within 14 calendar days of receipt of the grievance. *Id.* If the inmate is dissatisfied with the response, he may undertake the third step of the grievance process and file an appeal to the office of chief inspector of the Ohio Department of Rehabilitation and Correction ("ODRC") within 14 days of the disposition of the formal grievance. Ohio Admin. Code § 5120-9-31(J)(3).

**IV. Analysis**

Defendants argue that they are entitled to summary judgment as a matter of law because plaintiff did not exhaust the inmate grievance procedure before he filed this lawsuit. Defendants contend that plaintiff did not complete any of the three steps of the Ohio inmate grievance procedure before filing his complaint in federal court. As evidence that plaintiff failed to exhaust his administrative remedies, defendants have submitted the Declaration of Eugene Hunyadi, an

5

Assistant Chief Inspector with the ODRC. (Doc. 14-1). Mr. Hunyadi states that as part of his job duties, he handles inmate appeals under Ohio Admin. Code § 5120-9-31 as well as direct grievances filed to the Office of the Chief Inspector under § 5120-9-30. (*Id*., ¶ 2). Mr. Hunyadi attached to his affidavit a copy of plaintiff's institutional grievance summary. (Doc. 14-2). Mr. Hunyadi reviewed both this grievance history and the related documents attached to plaintiff's complaint. (*Id.*, ¶¶ 11–12). He asserts that there is no electronic record of a grievance corresponding to the April 19, 2019 incident, notwithstanding a significant record of grievances both before and after the incident that demonstrate plaintiff's knowledge of and success with submitting grievances via kiosk. (*Id.*, ¶¶ 13–14).

Plaintiff does not dispute that he failed to exhaust his administrative remedies and instead charges that he was prevented from initiating his complaint through the proper administrative procedure. Summary judgment on exhaustion grounds is not appropriate if a plaintiff shows that he or she was prevented from exhausting administrative remedies. *Surles*, 678 F.3d at 457 ("[A] dispute of material fact exists as to whether Defendants or other [correctional] employees prevented Surles from filing grievances and exhausting his administrative remedies."). *Surles* also held that once a plaintiff alleges such interference, a defendant must present proof that they did not interfere. *Id.* at 457–58. Proof that a defendant filed other grievances on a regular basis is insufficient; the proof must pertain to the particular occasions and claims in issue. *See id.* at 458 ("That Surles was able to file some grievances does not mean that he was able to file all relevant grievances or that he was not prevented from timely filing the grievances."); *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, *2 (6th Cir. June 4, 2019) ("Although the list showed that Weatherspoon filed grievances during the relevant period, that

6

fact alone does not rebut his claim that he did not file a grievance because he was on a modified grievance procedure and was denied the forms when he requested them.").

In *Surles*, the plaintiff pointed to a particular correctional agent that frustrated his exhaustion. *Id.* at 457. *See also Himmelreich v. Fed. Bureau of Prisons*, 766 F.3d 576, 577–78 (6th Cir. 2014) (plaintiff established a genuine issue of material fact regarding whether he was prevented from exhaustion by naming the officials involved and identifying specific acts of intimidation); *Hood v. Garza*, No. 7:18-cv-00124-GFVT, 2020 WL 1046953, at *2 (E.D. Ky. March 4, 2020) (plaintiff's allegations of retaliation were sufficient to survive summary judgment on exhaustion grounds, where he identified the names of those involved and particular retaliatory actions taken near the time of his initial grievance). But courts have distinguished *Surles* where such evidence is lacking. *See, e.g, Barfield v. Erdos*, No. 1: 15-cv-696, 2017 WL 496086, at *4 (S.D. Ohio Feb. 6, 2017), *report and recommendation adopted* No. 1:15-cv-696, 2017 WL 1078745 (S.D. Ohio Mar. 22, 2017) ("The vague, unsupported, conclusory allegations in plaintiff's unsworn filings are insufficient to call into question defendants' evidence of non-exhaustion and do not create a genuine issue of material fact on the exhaustion issue."); *Weatherspoon v. Dinsa*, No. 14-cv-12756, 2015 WL 5634448, at *5 (E.D. Mich. Sept. 25, 2015) ("Weatherspoon's assertions regarding his efforts are simply too vague to excuse his admitted failure to exhaust.") (citation omitted); *Wills v. Drabek*, No. 1:13-cv-607, 2014 WL 4388384, at *6 (W.D. Mich. Sept. 5, 2014) (summary judgment on exhaustion appropriate where plaintiff "failed to support [his assertion that segregation staff and the grievance coordinator prevented him from exhausting grievances while in segregation] with any factual evidence, such as an affidavit outlining his attempts to exhaust particular grievances.").

Here, plaintiff has not submitted an affidavit or other evidence in opposition to defendants' summary judgment motion.  Plaintiff's complaint alleges that the "CO's [sic] and unit staff want [sic] allow me to use the kiosk machine and the proof is documented."  (Doc. 4 at PAGEID#: 461).  Attached to his complaint is a copy of the relevant, hand-written informal complaint, with the correction staff's notation: "[Warren Correctional Institution] has the electronic grievance procedure on JPay.  You will to need to file this complaint electronically on the kiosk – when you have access to recreation."  (Doc. 4 at PAGEID#: 566).[2]  In response to defendants' motion for summary judgment, plaintiff reiterates that he "was *denied access to the Jpay* machine throughout my stay in [segregation] at [Warren Correctional Institution] so that I couldn't write any other informal complaints at that time.  Or I would've."  (Doc. 19 at PAGEID 659–60).  He also states that the institutional staff was supposed to upload informal complaints to Jpay while he was in segregation.  (*Id.* at 660).  He accuses these staff members generally of uploading some but failing to upload others, insinuating that they ignored those which might be inculpatory.  (*Id.*)  This is the extent of the detail contained in his allegations—none of which are sworn under penalty of perjury.

Defendants reply with the affidavit of Isaac Bullock, Institutional Inspector at Warren Correctional Institution.  (Doc. 21-1, ¶ 2).  In it, Mr. Bullock states that inmates in segregation can either kite him a request to submit an informal complaint on their behalf or a request for Jpay kiosk access.  (*Id.*, ¶¶ 4–5).  He reports that he is "very lenient in allowing inmates to file [informal complaints] and grievances past the 14-day restriction."  (*Id.* at ¶ 5).  Based on his review of the record, he states that plaintiff had been able to file other grievances while in

---

[2] Warren Correctional Institution had an electronic grievance procedure in place at the time of the April 19, 2019 incident.  (*See id.*).

8

segregation both before and after the April 19, 2019 incident. (*Id.* at ¶ 6). Finally, he attests that he "did not, nor ha[d he] ever, thrown away or otherwise disregard[ed] any formal or informal complaint filed by an inmate." (*Id.* at ¶ 7).

The Court concludes that plaintiff has failed to raise a genuine issue of material fact that he was prevented from exhausting his administrative remedies. He has presented no evidence and offers only speculation that unspecified prison staff members frustrated his efforts. As this Court has remarked:

> To allow a prisoner to avoid the exhaustion requirement by merely alleging he was inhibited in the process by prison officials would render the PLRA's exhaustion requirement meaningless and negate the purposes of exhaustion, i.e., "allowing a prison to address complaints . . . before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." [*Jones*, 549 U.S. at 219 (2007)]. Nothing would prevent a prisoner from avoiding the exhaustion requirement and summary judgment by simply making an unspecified allegation of interference when faced with evidence of non-exhaustion. Without specifying the who, what, when and how of a claim of interference, prison officials would never be able to come forward with proof they did not interfere with the prisoner's ability to exhaust because they would essentially be faced with proving a negative.

*Barfield*, 2017 WL 496086, at *5 n.1. The declaration and affidavit presented by defendants, contrasted with the vague, unsworn assertions offered by plaintiff, leave no room for a reasonable jury's disbelief on this issue. *See Surles*, 678 F.3d at 455–56.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendants' motion for summary judgment on exhaustion grounds (Doc. 14) be granted and the complaint (Doc. 4) be **DISMISSED** without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.

2. This matter be **TERMINATED** on the docket of the Court.

9

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones*, 549 U.S. at 203.

Date: 7/31/2020

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| LEONDRE HARRIS, | Case No. 1:19-cv-383 |
| Plaintiff, | Black, J. |
| | Litkovitz, M.J. |
| vs. | |
| JEAN SMITH, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).